IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERYVILLE REDEVELOPMENT AGENCY, a body politic,<br><br>   Plaintiff,<br><br>   v.<br><br>CLEAR CHANNEL OUTDOOR, ELTEX INVESTMENT CORPORATION, and DOES 1 through 50, inclusive,<br><br>   Defendants. | No. C 06-01279 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND VACATING HEARING** |

**INTRODUCTION**

In this eminent-domain action, City of Emeryville Redevelopment Agency moves to remand to state court on the grounds of lack of subject-matter jurisdiction or, in the alternative, on grounds of abstention. Defendants Clear Channel Outdoor and Eltex Investment Corporation oppose the motion and, in the alternative, move for leave to amend their notice of removal. This order finds that this case should be remanded on grounds of *Thibodaux* and *Burford* abstention. Plaintiff's motion, therefore, is **GRANTED**. Plaintiff, however, is not entitled to sanctions.

**STATEMENT**

Plaintiff Emeryville is a political subdivision organized under the laws of California. Defendant Clear Channel offers advertising space through billboards, street-furniture displays, and transit displays throughout the world. Clear Channel is incorporated in Delaware and

1   maintains its corporate headquarters in Arizona (Knollhuff Decl. ¶ 1). Defendant Eltex is a
2   wholly-owned subsidiary of Clear Channel. Eltex is also incorporated in Delaware. Eltex's
3   principal place of business is apparently in Texas (*id*. at ¶ 3).

4   Eltex owns an easement and a billboard that overlooks Interstate 580. The billboard and
5   easement, located in Emeryville, are at the core of the litigation between these parties.
6   Emeryville apparently would like to acquire the easement, tear down the billboard and build
7   residential housing on the property, including housing for low-income residents.

8   These exact parties have been in this Court before. On July 7, 2004, a matter between
9   these parties was removed to federal court. *Emeryville Redevelopment Agency v. Eltex*
10  *Investment Corporation*, Case No. C 04-02737 (WHA). In that action, Emeryville brought
11  claims against defendants for violation of California's Subdivision Map Act, trespass and
12  nuisance, and to quiet title. By that action, Emeryville sought to acquire defendants' easement
13  adjacent to Interstate 580. No challenge to the diversity jurisdiction of the Court was raised in
14  that action. *That* action was ultimately terminated by voluntary dismissal on November 4,
15  2004.

16  In *this* action, Emeryville seeks to acquire defendants' easement and billboard by
17  eminent domain. Plaintiff filed the complaint in this action on February 14, 2006 in the
18  Superior Court of California for the County of Alameda. On February 17, the superior court
19  issued an order granting Emeryville prejudgment possession of the easement and billboard.
20  Both Clear Channel and Eltex were served with the summons of the eminent-domain complaint
21  on February 21 at the same address in Sacramento, California (Reply Br. Exhs. A, B).[1]

22  On February 22, Clear Channel filed a notice of removal on grounds of diversity of
23  citizenship pursuant to 28 U.S.C. 1441(b). Clear Channel identified its state of incorporation
24  and primary place of business (Delaware and Arizona). Eltex, however, did not join in the
25  notice of removal. The reason is clear from the face of the notice of removal. Defendants were
26  of the view that Eltex had not yet been served and, thus, did not need to join in the removal
27
28  [1] This order takes judicial notice of the proofs of service for the summons served upon Clear Channel and Eltex. Fed. R. Evid. 201.

2

1  (Removal ¶ 5). There is dispute as to why defendants did not know that Eltex had been served.
2  Defendants maintain that plaintiff's counsel told defense counsel that Eltex was not going to be
3  served. Plaintiff disagrees with this version of the attorneys' conversation. Plaintiff notes that
4  regardless of what its counsel told defense counsel, the fact of the matter is that plaintiff served
5  defendant prior to the notice of removal.

6  Thereafter, plaintiff filed the instant motion to remand. Plaintiff argues that this case
7  should be remanded on the grounds that Eltex did not join in the notice of removal and did not
8  sufficiently identify its citizenship so as to support removal under Section 1441(b). Defendants
9  counter that this is nothing but sneaky lawyering by plaintiff's counsel and that, in any event,
10 they should be allowed to amend their notice of removal to add details about Eltex's citizenship.
11 Plaintiff asserts as an additional basis for remand that abstention is proper under either
12 *Thibodaux* or *Burford* abstention. Both parties seek sanctions.

**ANALYSIS**

14 The instant cross-motions present the following issues for decision: (1) should
15 defendants be allowed to amend their notice of removal to identify Eltex's citizenship, (2)
16 should the case nonetheless be remanded under *Thibodaux* or *Burford* abstention doctrines, and
17 (3) should either party be awarded sanctions.

18 **1.    AMENDMENT OF THE NOTICE OF REMOVAL.**

19 Removal under 28 U.S.C. 1441(b) is permitted for actions meeting the ordinary
20 prerequisites for diversity jurisdiction "if none of the parties in interest properly joined and
21 served as defendants is a citizen of the State in which such action is brought." The removing
22 party bears the burden of establishing that removal is proper. *Emrich v. Touche Ross & Co.*,
23 846 F.2d 1190, 1195 (9th Cir. 1990). The removal statutes are strictly construed such that any
24 doubts are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

25 It is undisputed that the amount in controversy exceeds $75,000. It is also undisputed
26 that Emeryville is a California citizen and Clear Channel is not a California Citizen. There is a
27 question, however, whether Eltex is a non-California citizen. Defendants present the
28 declaration of a corporate representative attesting to the fact that Eltex is not a citizen of

3

California (Knollhuff Decl. ¶ 3). Emeryville contests the validity of this declaration, but this order finds that the declaration is sufficient evidence of Eltex's citizenship.

Emeryville nonetheless argues that remand is required because Eltex failed to join the notice of removal and because the notice of removal failed to allege facts sufficient to show Eltex's citizenship. That is certainly true. The removal contains no information about Eltex's citizenship and Eltex did not join the notice.

Defendants counter that they simply did not know Eltex had been served, a mistake they say was brought on by plaintiff's counsel's misrepresentations. But the bottom line is that Eltex was served on the exact same day at the exact same location as Clear Channel. Given that Ninth Circuit precedent instructs us to resolve doubts in favor of remand, this order finds that defendants' notice of removal was inadequate.

Defendants, nevertheless, move for leave to amend the notice of removal so as to correct the error by including details of Eltex's citizenship. Plaintiff correctly notes that, by statute, any such amendments must be filed within thirty days of receipt of the summons. 28 U.S.C. 1446 (b).

A court *may* grant leave to amend a notice of removal even after thirty days have elapsed. Plaintiff's own authority states "[i]f the removing party seeks to cure a defect in the removal petition after the thirty day period has elapsed, however, *the court has discretion to prohibit such an amendment*." *Hemphill v. Transfresh Corp.*, No. C-98-0899-VRW, 1998 WL 320840, at *4 (N.D. Cal. June 11, 1998). The *Hemphill* decision provided guidance to when a court should and should not allow amendment:

> Generally, courts will allow removing parties to clarify defective allegations after the thirty day period has expired. Courts, however, should not permit the removing party to amend the removal petition after the thirty day period has elapsed if the proposed amendment would add allegations of substance.

*Ibid*. (*citing Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969)). The instant situation fits the former class of amendments — technical amendments — rather the latter category — substantive amendments. Other issues aside, allowing defendants to correct their technical failure would be appropriate.

4

**2. ABSTENTION.**

Beyond this technical flaw, however, plaintiff argues that remand is required under principles of abstention. The first abstention doctrine relied upon by plaintiff was established in *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28 (1959). The *Thibodaux* opinion explained:

> The special nature of eminent domain justifies a district judge, when his familiarity with the problems of local law so counsels him, to ascertain the meaning of a disputed state statute from the only tribunal empowered to speak definitively-the courts of the State under whose statute eminent domain is sought to be exercised-rather than himself make a dubious and tentative forecast.

*Id.* at 29. *Thibodaux* abstention is only appropriate in eminent domain proceedings where the applicable state law is uncertain. *See City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1134 (9th Cir. 2002); *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 190 (1959).

Defendants argue that this action will involve nothing more than determining the proper value of the billboard and easement. Defendants' assertion, however, is belied by their own answer to the complaint in this action. In their answer, defendants asserted several affirmative defenses to Emeryville's right to take the property, challenging not how much Emeryville must pay for the property, but rather whether Emeryville may condemn and seize the property at all (Answer 3–4). In addition, defendants asserted that plaintiff failed to comply with the provisions of the California Environmental Quality Act ("CEQA"), California Public Resources Code § 21000 *et. seq.* It is obvious that Emeryville would not raise any such difficulties in its own eminent-domain complaint. The Court has to look at the challenges to Emeryville's right to take asserted by defendants in their answer in order to determine what issues will actually arise in this litigation. This order must analyze whether defendants' challenges implicate sufficiently uncertain questions of state law for purposes of *Thibodaux* abstention.

The two primary uncertain areas of state law, according to Emeryville, are: (1) the right of a municipality to condemn and take a billboard, and (2) what a municipality must do to comply with CEQA in these circumstances.

5

It is true that the free-speech issues implicated by billboards present unique issues in eminent-domain proceedings involving billboards. The treatment of billboards in eminent-domain proceedings, however, was already addressed in detail by the California Court of Appeal in *Patrick Media Group, Inc. v. California Coastal Commission*, 9 Cal. App. 4th 592, 603–04 (1992). That decision resolved the competing policies and statutes in play when a municipality seeks to condemn an advertising sign in California.

The real uncertainty in this action stems from the interaction of CEQA and eminent domain. "The foremost principle under CEQA is that the Legislature intended the act 'to be interpreted in such manner as to afford the fullest possible protection to the environment within the reasonable scope of the statutory language.'" *County of Amador v. El Dorado County Water Agency*, 76 Cal. App. 4th 931, 943–44 (1999) (internal citation omitted). Despite this clear policy behind CEQA, however, the *County of Amador* made clear that applying CEQA is less than straightforward. "Under the best of circumstances, cases involving the California Environmental Quality Act (CEQA) are complicated. Legal questions resist easy resolution, and records are voluminous." *Id*. at 939. "That is particularly true when cases involve crucial matters such as population growth, increased demands for water, and the threatened degradation of natural resources." *Id*. at 939–40.

The instant case involves such "crucial matters"—matters, of course, crucial to the State of California. Emeryville seeks to take the billboard in order to convert the property into residential housing. This housing development will apparently include housing for California's low-income residents. Resolution of the CEQA issue raised by defendants in their answer would demand this Court to balance the state's policy for protecting the environment with the state's interest in addressing the housing needs of its growing population, in particular its less fortunate citizens. Comity requires that the federal courts allow the state courts to make such policy determinations.

Indeed, while this order finds abstention appropriate under *Thibodaux*, the unique aspects of CEQA also favor abstention under the broader abstention doctrine espoused in *Burford v. Sun Oil Company*, 319 U.S. 315, 332–34 (1943). "The general thrust of Burford-

6

type abstention can be well captured by saying that abstention is ordered in order to avoid needless conflict with the administration by a state of its own affairs." Wright and Miller, *Federal Practice and Procedure*, § 4244 (2d ed. 1988). As the Ninth Circuit has stated, "Burford allows courts to 'decline to rule on an essentially local issue arising out of a complicated state regulatory scheme.'" *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (internal citation omitted).

California has a specific administrative mechanism to adjudicate certain CEQA matters. California Public Resources Code § 21167.1(b) provides:

> To ensure that actions or proceedings brought pursuant to Sections 21167, 21168, and 21168.5 may be quickly heard and determined in the lower courts, the superior courts in all counties with a population of more than 200,000 shall designate one or more judges to develop expertise in this division and related land use and environmental laws, so that those judges will be available to hear, and quickly resolve, actions or proceedings brought pursuant to Sections 21167, 21168, and 21168.5.

Thus California has put into place a specialized procedure to quickly and consistently resolve issues involving land use and the environment. Under *Burford*, this Court should not needlessly interfere with this regulatory scheme.

"If a case has been removed from state court to federal court, and it is determined that Burford-type abstention is appropriate, it now appears that the federal court may remand the case to state court rather than dismiss." Wright and Miller, *Federal Practice and Procedure*, § 4245 (2d ed. Pocket Part 2005); *see also Navajo Life Ins. Co. by Gallinger v. Fid. and Deposit Co. of Md.*, 807 F. Supp. 1485, 1490 (D. Ariz. 1992).

**3.    SANCTIONS.**

Although this order finds that abstention principles require remand of this action to state court, this order does not find that plaintiff is entitled to sanctions. Defendants arguments are not so erroneous or inconsistent with established law such that sanctions are warranted.

7

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for remand is **GRANTED**. No sanctions are awarded to either party. Finding further argument unnecessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: May 22, 2006



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE